IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY KINAVEY, | ) Civil Action No. 10-364 |
| Plaintiff, | ) |
| vs. | ) |
| SHAUNA M. D'ALLESANDRO, et al., | ) |
| Defendants. | ) |

# OPINION AND ORDER

## SYNOPSIS

In this civil action, Plaintiff avers that she was employed by the Defendant School District to serve a five-year term as Superintendent. After allegations were raised against Plaintiff in connection with a teaching applicant, the School District's Board of Directors ("Board") instructed the Defendant Board Solicitor to investigate the allegations. Then, on September 22, 2009, the Board voted to suspend Plaintiff with pay, and directed the Defendant Board Solicitor to continue to investigate her. Subsequently, on November 17, 2009, the parties participated in a Loudermill hearing.[1] On that date, the Board voted to suspend Plaintiff without pay, and also determined that there was a sufficient basis to proceed with charges against her in accordance with the Pennsylvania Public School Code.

Thereafter, on January 12, 2010, the Board began a predeprivation hearing to determine whether Plaintiff should be discharged. At the hearing, Plaintiff was represented by counsel, testified on her own behalf, and also proffered expert

---

[1] The parties refer to the November 17 hearing as a Loudermill hearing, which is held to determine "whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

witness testimony and documentary evidence. [2] Also at the hearing, Plaintiff objected to the Board acting as tribunal and asked for unbiased, independent counsel to determine whether there was any basis for prosecution or discipline; moved for the recusal of certain Board Members, and objected to the Board Solicitor and his associates acting in a prosecutorial role. According to Plaintiff, as of the time of her latest submissions in this litigation, no decision had been made regarding her discharge.

Based on these events, Plaintiff asserts claims pursuant to 42 U.S.C. §1983 against the individual members of the Board, the School District, and the Board (collectively, School District Defendants) for violations of due process, as well as a state law claim for breach of contract. In addition, she brings a claim against the Defendant Board Solicitor for breach of fiduciary duty; and a claim against the Defendant Board Solicitor and three individual School Board members for conspiracy.

Presently before the Court are Motions to Dismiss filed by the Defendant Solicitor and the School District Defendants, based on Fed. R. Civ. P. 12(b)(6). For the following reasons, the School District Defendants' Motion will be granted without prejudice, to the extent that it addresses Plaintiff's due process claims. Additionally, I will decline to exercise jurisdiction over Plaintiff's state law claims, and will thus deny the remainder of the School District Defendants' Motion, and the Defendant Solicitor's Motion, as moot.

---

[2] The parties agree that I may presently consider matters that they have submitted outside the Amended Complaint, as matters of public record. See M & M Stone Co. v. Pennsylvania, No. 9-3940, 2010 U.S. App. LEXIS 15666 (3d Cir. May 10, 2010).

**OPINION**

**I.     APPLICABLE STANDARDS**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, U.S. , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility…." Id. at 949. A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965). Thus, a "formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65.

**II.     DEFENDANTS' MOTIONS**

**A.  DUE PROCESS CLAIMS**

The School District Defendants move to dismiss Plaintiff's Complaint, inter alia, for failure to state a due process claim in either Count I or II of the Complaint. In response, Plaintiff argues that she has stated a claim, in Count I, regarding the School Board's improper commingling of prosecutorial and adjudicative functions. In particular, Plaintiff contends that the commingling tainted predeprivation procedures, such that she was stripped of the property interest in her employment

3

without due process. In addition, in Count II, she contends that her liberty interests were infringed without due process, when Defendants made disparaging public statements in conjunction with suspending her without pay.

Procedural due process is a flexible concept. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The fundamental requirements of the Due Process Clause are that a person deprived of property be given an opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965). Predeprivation due process is fulfilled if, before the deprivation, an employee recieves notice of the charges, an adequate explanation of the evidence, and an adequate opportunity to present her version of the story. McDaniels v. Flick, 59 F.3d 446, 454 (3d Cir. 1995).

### 1. Commingling of Functions

Plaintiff does not complain that she lacked an opportunity to explain herself or address the Board's allegations against her; instead, she complains that she did not have the opportunity to do so "to an unbiased tribunal." Accordingly, this aspect of her claim rests on the contention that she received insufficient predeprivation process, due to the Defendants' commingling of functions and resultant bias. Typically, a "commingling" claim of this type arises when the individual or entity that initiated charges or allegations also acts as the ultimate fact-finder against the charged individual. Kaehly v. City of Pittsburgh, 988 F. Supp. 888 (W.D. Pa. 1997).[3] I will assume, without deciding, that Plaintiff's

---

[3] Defendant contends, correctly, that the Constitution does not per se preclude a single agency from performing investigative and adjudicative functions. Under appropriate circumstances, however, a Court may assess whether such commingling deprived a vulnerable party of due process. See, e.g., Withrow v. Larkin, 421 U.S. 35, 58 (U.S.

4

allegations, taken as true, establish that she was entitled to predeprivation process, and that Defendants commingled functions and approached the process with the alleged predetermined bias.

A public employee, however, is not entitled to an unbiased Loudermill adjudicator, so long as she has access to an impartial adjudicator at the postdeprivation proceeding. Vanderwalker v. King County, 91 Fed. Appx. 545, 546 (9th Cir. 2004); Belas v. Juniata County Sch. Dist., 4-505, 2005 U.S. Dist. LEXIS 36689, at *20 (M.D. Pa. Aug. 26, 2005), aff'd, 202 Fed. Appx. 585 (3d Cir. 2006). In this way, postdeprivation process may fulfill applicable constitutional requirements. "[W]here the prescribed process calls for a meaningful postdeprivation hearing and not merely a limited review process, bias on the part of the predeprivation hearing officer can be eclipsed by de novo factfinding and disciplinary discretion on the part of an unbiased postdeprivation hearing officer. Such a process fully complies with due process even if the predeprivation officer[] [was biased]…." Regan v. School Admin. Dist. 63, No. 08-175, 2009 U.S. Dist. LEXIS 41301, at *44-45 (D. Me. May 12, 2009); see also Chambers v. Upper Darby Twp. Civil Serv. Comm'n, No. 95-465,1996 U.S. Dist. LEXIS 2296, at *4 (E.D. Pa. Feb. 26, 1996).[4] Thus, "so long as state law establishes an appropriate predeprivation procedure, the intentional subversion of that procedure by individual members of the [school] board is a species of random and unauthorized conduct

---

1975). Due to the disposition of Defendants' Motions, and because I assume commingling occurred, I do not engage in such an assessment.

[4] In Chambers, the Court phrased the conclusion as follows: "While such commingling…could well lead to questionable instances of partiality, the due process safeguard is the right to state court appeal. The constitutional requirements applicable to dismissal by a public employer are prior notice and opportunity to be heard together with adequate due process review in the state system." Chambers, 1996 U.S. Dist. LEXIS 2296, at *4.

5

that, where possible, must be remedied through postdeprivation process rather than a federal § 1983 claim." Regan, 2009 U.S. Dist. LEXIS 41301, at *55. [5]

Plaintiff does not dispute that Pennsylvania law provides for postdeprivation process in this context.[6] School boards are local agencies, and their decisions may be appealed to state court. Whitfield v. Chartiers Valley Sch. Dist., No. 9-1084, 2010 U.S. Dist. LEXIS 37545, at *45 (W.D. Pa. Apr. 15, 2010) (citing 42 Pa. C.S.A. § 933(a)(2) and 2 Pa. C.S.A. § 752). An aggrieved party may appeal to the state court, which may conduct a de novo review absent a complete record before the School Board, and may set aside the School Board's decision if it finds constitutional violations, an error of law, or necessary findings of fact not supported by substantial evidence. Id. at § 11-1132; 2 Pa. C.S.A. §§ 752; McDaniels, 59 F. 3d at 461. In addition, certain school board adjudications may be subject to de novo review by the Secretary of Education. 24 P.S. § 11-1131. With recourse either first to the Secretary of Education or first to the state courts, "if the employee-appellant desires, he can have his case retried in a forum in which the School Board plays only the role of prosecutor and not that of judge also." See Appeal of Spano,

---

[5] Pointing to postdeprivation recourse is consistent with the notion that courts are wary to "resolve under the guise of federal civil rights law what is essentially a contract dispute." Peters v. Houston, No. 98-1580, 1999 U.S. Dist. LEXIS 10853, at *28 (E.D. Pa. July 13, 1999). Moreover, generally speaking, a procedural due process claim "'is not complete unless and until the state fails to provide due process' (which may occur after the wrongful action in question).'" Proctor v. Kelly, 5-0692, 2008 U.S. Dist. LEXIS 101371, at *20 (N.D.N.Y. Dec. 16, 2008). Nevertheless, "one's pursuit of postdeprivation remedies… should not be confused with administrative exhaustion requirements that exist in other contexts. Section 1983 contains no exhaustion requirement." Tristani v. Richman, 609 F. Supp. 2d 423, 482-83(W.D. Pa. 2009).

[6] The statutory protections for professional employees and superintendents are similar, but differ in certain respects, and I offer no opinion or analysis regarding which applies to Plaintiff. See, e.g., Burger v. Bd. of Sch. Dirs, 839 A.2d 1055, 1060 (Pa. 2003). The result is the same under either scheme. I offer both this caveat and a synopsis of various options for appealing a school board decision, however, because I have neither facts nor the parties' input, which would allow me to examine where Plaintiff, definitionally speaking, would fall.

267 A.2d 848, 851 (1970). "Either approach permits an aggrieved party to appeal to the Pennsylvania court system." Whitfield, 2010 U.S. Dist. LEXIS 37545, at *46.

This postdeprivation procedure has been deemed to provide adequate due process protection of a plaintiff's property rights in her employment, and Plaintiff does not contend otherwise. See, e.g., Belas, 2005 U.S. Dist. LEXIS 36689, at **25-26. As the Pennsylvania Supreme Court has stated:

> [A]n inherent potential for bias on the part of school boards exists because of the dual functions they serve in acting as both prosecutor and as judge in proceedings involving professional employees…The professional employee is provided with notice, opportunity to be heard, and the chance to defend himself or herself before a fair and impartial tribunal through the procedure implemented under the Public School Code.

Katruska v. Bethlehem Ctr. Sch. Dist., 767 A. 2d 1051, 1056 (Pa. 2001).[7]

Moreover, in this case, Plaintiff does not allege that there are any constitutional shortcomings in the postdeprivation process available to her. In her Brief, Plaintiff asserts that "the conclusions and opinions of Board members have crystallized to the point that testimony from the Plaintiff and other persuasive evidence will have no effect on them," and that her appeal will be tainted as a result. This contention, however, does not bear on the impartiality of post-deprivation process, which involves adjudicators distinct from the School District Defendants. "Plaintiff may not seek relief under Section 1983 without first pleading…the inadequacy of state or administrative processes and remedies to redress her due process violations." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 588 (6th Cir. 2004). Accordingly, a procedural due process claim

---

[7]Although Pennsylvania decisional law is not conclusive of a federal constitutional issue, I do take note of the state court's determinations. "Federal and Pennsylvania procedural due process rights have been interpreted by the courts as 'substantially coextensive.'" Hayes v. Reed, No. 96-4941, 1997 U.S. Dist. LEXIS 2992, at *18 n.5 (E.D. Pa. Mar. 13, 1997)

7

that fails to allege that post-deprivation remedies were inadequate may be subject to dismissal. Prescott v. Florida, 343 Fed. Appx. 395, 399-400 (11th Cir. 2009). Under the circumstances, Plaintiff has failed to state a claim for the infringement of her due process resulting from the Defendants' alleged bias and commingling of functions.

### 2. Failure to Explain Evidence

I next address Plaintiff's contention that predeprivation process was inadequate because she was not provided enough information about the evidence that would be offered against her, or the basis of the allegations. Specifically, Plaintiff alleges that "counsel for the District either failed to disclose or disclosed in an untimely manner the names of the witnesses who would be called and the evidence that would be offered in the prosecution of the charges against the plaintiff, and failed to provide her with access to other information relevant to the charges against her, thereby preventing her from preparing a complete defense against those charges," and that she was not provided with "an explanation of the evidence which was the basis of the Board's allegations."

As our Court of Appeals has observed, due process does not require an employer to provide every piece of evidence relevant to an employee's termination. Ashton v. Whitman, 94 Fed. Appx. 896, 900-901 (3d Cir. 2004). Thus, "pretermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee the opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges." Id. at 901 (citing McDaniels, 59 F.3d at 457). In other

words, "[n]otice is sufficient if is apprises the employee of the nature of the charges and general evidence against her." Belas, 2005 U.S. Dist. LEXIS 36689, at *19.

Consistent with these principles, an allegation that a School board had "not made adequate disclosure of the evidence and witness[es]," without supporting facts, and without specifying how more information would have enabled plaintiff to provide a more complete defense, has been deemed insufficient to survive a motion to dismiss. Mohr v. Murphy Elem. School Dist. 21, No. 10-153, 2010 U.S. Dist. LEXIS 53240, at *9 (D. Ariz. May 5, 2010). In this case, Plaintiff refers to a Memorandum to Plaintiff from the President of the Board, dated September 22, 2009, prior to Plaintiff's suspension without pay and Loudermill hearing.[8] The Memorandum sets forth, in a fair amount of detail, the basis for Board's decision to place Plaintiff on leave with pay. Likewise, the list of Charges, appended to the Board's November 17, 2009 Resolution, to which Plaintiff also cites, contains relatively detailed information. Particularly in light of these documents, Plaintiff's allegations of inadequate information are insufficiently specific, and under the circumstances and applicable 12(b)(6) standards, Plaintiff has not stated a due process claim based on inadequate predeprivation notice.

### 3. Infringement of Liberty Interest

Next, I address Count II of Plaintiff's Complaint, which alleges that Defendants infringed her liberty interest when they made disparaging public statements in conjunction with her suspension. Under such circumstances, "[a]ny due process claim arises not from the defamatory conduct itself, but from a failure to provide a name-clearing hearing…." Peters v. Houston, No. 98-1580, 1999 U.S.

---

[8] The Memorandum is attached to Plaintiff's initial Complaint, and cited in her Amended Complaint. I will consider such citations as incorporating the attachments by reference into the Amended Complaint.

Dist. LEXIS 10853, at *42 (E.D. Pa. July 13, 2999). The basis of this claim is that Plaintiff's predeprivation hearings were so compromised that they did not provide the required name-clearing opportunity. I will assume, without deciding, that Plaintiff has adequately pleaded an actionable deprivation of a liberty interest, and consequent entitlement to a name-clearing hearing.[9]

As has been recently noted within this Circuit:

> Our Court of Appeals has not ruled on whether a plaintiff must request a name-clearing hearing, but the better part of the district court cases in this Circuit, along with the decisions of the Fourth and Fifth Circuits, have held that a plaintiff must have requested a name-clearing hearing to proceed on a procedural due process claim in this context…. We are persuaded by the weight of authority on this issue….

Dean v. City of Coatesville, No. 9-4399, 2010 U.S. Dist. LEXIS 24773 (E.D. Pa. Mar. 17, 2010).

I am inclined to follow the weight of authority, and the conclusion of my sister court. In this case, Plaintiff does not aver that she requested, or was refused, a name-clearing hearing. In addition, according to her Amended Complaint, Plaintiff was present during pre-deprivation process; I note, too, that the parties' submissions reflect that Plaintiff testified and proffered evidence before the Board, and was represented by counsel. Plaintiff also avers that at the hearing, she raised several objections relating to the partiality of the Board and its individual members. Under the circumstances, and for reasons discussed supra, Plaintiff does not aver facts sufficient to give rise to a reasonable inference that Defendants' conduct compromised her ability to tell her side of the story, or present evidence on her behalf. Finally, a public appeals procedure following disciplinary action has

---

[9] "A cognizable liberty interest exists when an individual suffers injury to reputation in the course of dismissal from tenured public employment." Peters, 1999 U.S. Dist. LEXIS 10853, at *41.

been held to satisfy due process name-clearing requirements, and "amply protect[]" an employee's liberty interest. See Peters, 1999 U.S. Dist. LEXIS 10853, at **44-45. Plaintiff does not assert that postdeprivation proceedings available here are inadequate.[10]

Under the circumstances, and under Rule 12(b)(6) standards, Plaintiff's Amended Complaint fails to state a claim for infringement of her liberty interest without due process of law.

### B. REMAINING CLAIMS

Plaintiff's remaining claims are grounded in state law. Given that I will dismiss the federal claims over which I have original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The dismissal, however, will be without prejudice to Plaintiff's ability to raise those claims in an appropriate forum. Of course, if Plaintiff timely files an amended complaint in this Court to cure the defects in her Complaint, she may replead her state law claims therein. [11]

### CONCLUSION

In rendering my decision today, I take note of Plaintiff's well-drafted and well-argued papers filed in opposition to Defendants' Motions, and do not minimize the importance of her pursuit of fair and impartial process. Nonetheless, under

---

[10] Plaintiff suggests that postdeprivation process might be insufficient because she is entitled to damages on her "stigma-plus" liberty interest claim. The availability of damages for such a claim, however, is not clearly settled in this Circuit. Ersek, 84 n. 6; Hill v. Borough of Kutztown, 455 F.3d 225, 244 (3d Cir. 2006).

[11] In the event that she does so, and in the event Defendants wish to reassert aspects of their Motions not addressed in today's Opinion, Defendants shall be permitted to incorporate by reference those portions of their Motions to Dismiss and Supporting Briefs.

Additionally, given that this matter presents the possibility of concurrent or consecutive state and federal litigation, I emphasize that I have neither considered nor decided whether Plaintiff is able to maintain two such lawsuits, or whether she is able pursue her state remedies while reserving her federal claims. See, e.g., Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1071-71 (3d Cir. 1990).

applicable standards and the facts pleaded in this case, I am constrained to dismiss her Amended Complaint for failure to state claims of due process. I will, also, decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff will, however, be given an opportunity to amend her Complaint in the event that she is able to cure the defects enumerated in today's Opinion.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 29th day of September, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that the School District Defendants' Motion to Dismiss [Docket No. 30] is GRANTED, without prejudice, as to Counts I and II of the First Amended Complaint. Plaintiff may file an amended complaint in this Court, in order to cure the defects enumerated in the body of the Opinion, within seven (7) days from the date of this Order. If she chooses not to do so, she may pursue her claims in an appropriate forum. Because I decline to exercise jurisdiction over Plaintiff's remaining state law claims, the remainder of the School District Defendants' Motion, and Defendant Weiss' Motion to Dismiss [Docket No. 28], are denied as moot.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
Judge, United States District Court