IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY KINAVEY, | ) Civil Action No. 10-364 |
| Plaintiff, | ) |
| vs. | ) |
| SHAUNA M. D'ALLESANDRO, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff, the former Superintendent of Defendant's School District asserts that Defendants violated her federal due process rights and state law. By Order dated September 29, 2010, I determined that Pennsylvania's post-deprivation process was sufficient to satisfy constitutional requirements, and that Plaintiff had not sufficiently pleaded to the contrary. Before the Court are Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint, on various grounds. The central, dispositive question at bar is whether the post-deprivation process afforded Plaintiff fulfills the requirements of due process. Plaintiff asserts that her post-deprivation rights are governed by 2 Pa.C.S.A. § 754. Under Section 754, a reviewing court may hear the appeal de novo, in the event a complete record was not made before the local agency; otherwise, the court shall hear the appeal on the agency record. I find that it does, and that Plaintiff's Second Amended Complaint must be dismissed.

**OPINION**

**I. APPLICABLE STANDARDS**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). A claim is plausible on its face, and not subject to dismissal, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility…." Id. at 949. A motion to dismiss will be granted if the plaintiff has not articulated facts sufficient to "raise a right to relief above the speculative level." Bangura v. City of Philadelphia, 338 Fed. Appx. 261 (3d Cir. 2009) (citing Twombly, 127 S. Ct. at 1965). Thus, a "formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65.

**II. DUE PROCESS CLAIMS**

Section 754 of Pennsylvania's Local Agency Law provides as follows:

(a) INCOMPLETE RECORD.-- In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) COMPLETE RECORD.-- In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by

substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals).

2 Pa. C.S. § 754.

The allure of Plaintiff's opposition to Defendants' Motions lies in its capable outline of the challenges presented by the possibility, but not the guarantee, of de novo review by the state court. As Plaintiff suggests, absent the option of de novo review, Plaintiff -- who claims that off-the-record, behind-the-scenes bias and improprieties, including withheld evidence, fatally infected her hearing -- would be stripped of meaningful remedy. In other words, such a scenario would permit a prejudiced tribunal free reign to improperly manipulate an official record. On appeal, a reviewing court would have no authority to evaluate anything outside the boundaries of the transcript, thus insulating the tribunal's conduct and its consequences from assessment or correction. This scenario would, indeed, present significant due process concerns; in such a case, it is impossible for post-deprivation procedure to rectify the underlying wrongdoing.

Under Section 754, however, de novo review is an option; a court is vested with the discretion to determine whether it is the correct option under the law. It would be improper for me to predict the outcome of Plaintiff's request for a de novo hearing before a state court pursuant to state statute, and I would not presume to do so.[1] I must and do presume, however, that a state court would deal with Plaintiff's appeal impartially, fairly, thoroughly, and competently. While the statutory procedure does not guarantee Plaintiff fresh factfinding ab

---

[1] I do, however, note that de novo review is not decisively beyond Plaintiff's grasp. Plaintiff expresses concern that the record in her case is "complete," and thus not entitled to de novo review, because it completely and accurately reflects the evidence presented. Accurate transcription, however, is not the sum total of "completeness" for purposes of Section 754. "The crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also, that the appellate court is given a sufficient record upon which to rule on questions presented." Springfield School District v. Shellem, 328 A.2d 535, 538 (Pa. Commw.1974) (emphasis added). For example, if an appellant raised an issue of bias before the agency, but the agency did not address the issue, the court hearing an appeal thereof may properly conduct a de novo review. Pittsburgh Bd. of Public Education v. MJN, 524 A. 2d 1385 (Pa. Commw. 1987). Similarly, the failure to turn over relevant evidence at the agency level may result in an incomplete record, and de novo review. Sch. Dist. of Erie v. Hamot Medical Ctr., 602 A. 2d 407 (Pa. Commw. 1992).

initio, it does guarantee that a neutral adjudicator will evaluate her contentions that such renewed factfinding is required. In other words, Plaintiff's contentions of off-the-record misdeeds will, via Pennsylvania's remedial scheme, be adjudged by a neutral tribunal. In this case, Plaintiff's Second Amended Complaint alleges no shortage of omissions that might form the basis of a request for a de novo appeal regarding the questions presented in her Second Amended Complaint.

In addition, in the event that the court rejects those contentions, the statute guarantees that Plaintiff will receive a hearing, and the record will be examined for errors of law, appropriate factual support, and constitutional infirmities. Plaintiff does not cite, nor do I find, any pertinent authority holding that such process is inadequate.[2] Instead, Section 754 comports with a touchstone of due process, which is "an opportunity to be heard at a meaningful time and in a meaningful manner." Raab v. Blakely, 370 Fed. Appx. 303 (3d Cir. 2010). This is a "meaningful postdeprivation hearing and not merely a limited review process" that is capable of eclipsing initial errors. I am mindful, too, of efficiency and comity issues, and the potential for this matter to ensnare the federal and state courts in chaotic, concurrent assessments of identical allegations. "If adequate postdeprivation process is available to redress the individual defendants' alleged malfeasance or prejudice, then 'no claim of procedural due process can be brought under § 1983.'" Regan v. Sch. Admin. Dist. 63, 8-175, 2009 U.S. Dist. LEXIS 41301 (D. Me. May 12, 2009). Plaintiff must pursue her grievances in a different forum.

---

[2] Instead, case law suggests to the contrary. Demko v. Luzerne County Community College, 113 F. Supp. 2d 722, 737 (M.D. Pa. 2000) ("the availability of state court review [pursuant to Section 754]…satisfied the requirements of the due process clause."); Cohen v. Philadelphia, 736 F.2d 81, 86 (3d Cir. 1984) ("substantive mistakes by administrative bodies in applying local ordinances do not create a federal claim so long as correction is available by the state's judiciary," citing Section 754).

### B. REMAINING CLAIMS

Because I will dismiss the federal claims over which I have original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

An appropriate Order follows.

### ORDER

AND NOW, this 14th day of December, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss (Docket Nos. 48 and 50) are GRANTED, without prejudice to Plaintiff to bring her claims in an appropriate forum. This case shall be marked "Closed."

BY THE COURT:

s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court